UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SEARCH WARRANT | Case No. 3:21mj_____ (RMS)

May 5, 2021

APPLICATION FOR ORDER COMMANDING PROVIDER NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT

The United States requests that the Court order Gab AI, Inc., a company headquartered in Clarks Summit, PA. (hereinafter "Gab") not to notify any person (including the subscribers or customers of the account(s) listed in the warrants and described in Attachment A append to the Court's order) or the existence of the Search Warrants in this case (hereinafter "the Search Warrants") until November 5, 2021.

Gab is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Search Warrants, which requires Facebook to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id*. In this case, such orders would be appropriate because the Search Warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.

Accordingly, there is reason to believe that notification of the existence of the Search Warrant will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and otherwise seriously jeopardizing an investigation. *See* 18

U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the Search Warrant, the subjects under investigation could destroy that evidence, including information on their devices, computers, and online accounts.

Section 2705(b) provides that when the government is not required to notify the subscribers or customers that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by Gab to the account holder listed in Attachment A append to the Court's order would cause one of the enumerated harms.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Gab not to disclose to the account holder listed in Attachment A the existence or content of the Search Warrants it has been served until November 5, 2021, except that Gab may disclose its Warrant to an attorney for the purpose of receiving legal advice.

Respectfully submitted,

LEONARD C. BOYLE
ACTING UNITED STATES ATTORNEY

_____
DOUGLAS P. MORABITO
Assistant United States Attorney
Federal Bar No. ct20962
United States Attorney's Office
157 Church Street – 25th Floor
New Haven, CT 06510
Douglas.Morabito@usdoj.gov